David Spivak (SBN 179684)
    david@spivaklaw.com
THE SPIVAK LAW FIRM
9454 Wilshire Blvd., Ste 303
Beverly Hills, CA 90212
Telephone (310) 499-4730
Facsimile (310) 499-4739

Attorneys for Plaintiff,
DAMON ROGERS, and all others similarly situated

(additional attorneys listed on next page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON ROGERS, on behalf of himself, and all others similarly situated, and as an "aggrieved employee" on behalf of other "aggrieved employees" under the Labor Code Private Attorneys General Act of 2004,<br><br>    *Plaintiff(s)*,<br><br>vs.<br><br>MYDATT SERVICES, INC., an Ohio Corporation, dba Block By Block; SMS HOLDINGS CORPORATION; a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>    *Defendant(s)*. | Case No.: 4:16-cv-03425-JSW<br>[Related to *Nikolay Levin v. Mydatt Services, Inc., et al.,* Case No. 4:16-cv-03423-JSW]<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>[F.R.C.P. 16(b), L.R. 16-10]<br><br>Action filed: April 21, 2016<br>CMC: September 23, 2016, 11:00 a.m.<br>Dept.: Courtroom 5 |

**ADDITIONAL ATTORNEYS FOR PLAINTIFF**

Walter Haines (SBN 71075)
  walter@whaines.com
UNITED EMPLOYEES LAW GROUP
5500 Bolsa Ave, Suite 201
Huntington Beach, CA 92649
Telephone: (888) 474-7242
Facsimile: (562) 256-1006

**ATTORNEYS FOR DEFENDANTS**

Gregory C. Cheng (SBN 226865)
  gregory.cheng@ogletreedeakins.com
Carolyn B. Hall (SBN 212311)
  carolyn.hall@ogletreedeakins.com
Susan T. Ye (SBN 281497)
  susan.ye@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, One Market Plaza, Suite 1300,
San Francisco, CA, 94105
Telephone: (415) 442-4810
Facsimile: (415) 442-4870

ii

*Rogers v. Mydatt Services, Inc., et al.*   Joint Case Management Statement and Order
Case No.: 4:16-cv-03425-JSW

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and the Court's July 21, 2016 Order (ECF Docket No. 16), counsel for the parties met by telephone on September 6, 2016 to conduct a Rule 26(f) conference. Representing Plaintiff was David Spivak and representing Defendants was Gregory C. Cheng and Carolyn B. Hall. The parties hereby submit this Joint Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2014 and Civil Local Rule 16-9. As to the matters on which the parties could not agree, each party's position is separately stated and identified.

**1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.**

### a. *Plaintiff*

Plaintiff served all Defendants and no other parties remain to be served. Plaintiff may add additional defendants should he determine that there are other employers, persons who fail to pay wages, persons who unlawfully withhold wages, or other persons acting on behalf of an employer responsible for the Labor Code violations at issue in this lawsuit.

### b. *Defendants*

Plaintiff Damon Rogers filed this action in the Superior Court of the State of California for the County of Alameda on April 21, 2016. Defendants removed the action to the United States District Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 on June 17, 2016 (Dkt. No. 1).

**2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.**

### a. *Plaintiff*

Defendants employed Plaintiff as an hourly safety ambassador, lead ambassador, team leader, and supervisor from approximately September of 2013 to May 7, 2015, at which time his employment ended. Plaintiff worked at Defendants' Oakland, California location.

Defendants at all relevant times paid Plaintiff on a weekly basis at an hourly rate of pay. Defendants also paid Plaintiff non-discretionary bonuses including but not limited to an "Employee Referral Bonus" which Plaintiff earned based on the number of applicants he recruited who Defendants subsequently hired.

Plaintiff alleges that as a result of Defendants' systematic payroll policies and practices, Plaintiff and other class members were (1) not paid for all hours worked in violation of the California Labor Code, (2) not provided with all rest breaks and timely meal periods, (3) not paid premium wages for each workday in which Defendants failed to provide them with one or more meal periods in violation of the California Labor Code, (4) not paid premium wages for each workday in which Defendants failed to provide them with one or more rest breaks in violation of the California Labor Code, (5) not reimbursed for all expenses they incurred during the course of their employment, (6) not provided with accurate written wage statements in violation of the California Labor Code, and (7) not timely paid all earned and unpaid wages following separation of employment as a result of the above violations of the California Labor Code. Plaintiff also seeks for himself and the class of employees Labor Code penalties for Defendants.

### b. *Defendants*

Defendants deny Plaintiff's allegations in their entirety. Specifically, Defendants deny Plaintiff's allegations that he was required to work "off the clock," that he was not provided with all required meal and rest periods, that he was not fully reimbursed for business expenses, and/or that he was not provided with accurate itemized wage statements. Defendants contend they have met all of their obligations to Plaintiff, including payment of all wages due under applicable law.

Defendants contend that Plaintiff's case is not well suited for class treatment, and any attempts to certify this case as a class action under Fed. R. Civ. P. 23 should be denied. The members of Plaintiff's proposed class worked in many different locations across the State of California which have differing working conditions that vary by location. With respect to the activities that are at the heart of Plaintiff's Complaint in this case, it is simply impossible to

treat all of the putative class members as if they are similarly situated such that they can all be treated as one class.

**3.      Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.**

### a.      *Plaintiff*

Plaintiff contends that Defendants failed to compensate him and other putative class members for all hours worked at the correct rates of pay, including overtime rates, by failing to include non-discretionary bonuses that they earned in the regular rate of pay for purposes of calculating overtime pay rates when they earned such non-discretionary bonuses during workweeks in which they worked more than eight (8) hours in a workday and/or more than forty (40) hours in a workweek. Plaintiff also contends that Defendant failed to provide him and class members with rest and meal periods, timely wages during and at the end of employment, reimbursement for expenses, and accurate and complete wage statements.

### *Defendants*

The parties dispute: (1) whether Plaintiff's claims can proceed on a class-wide basis; (2) whether Defendants violated California law in not paying Plaintiff and members of the putative class for all time worked; (3) whether Defendants failed to provide meal and rest breaks in accordance with California law; (4) whether Defendants violated Labor Code § 2802 by failing to reimburse Plaintiff and putative class members for business expenditures; (5) whether Defendants' wage statements violated Labor Code § 226; (6) whether Defendants are liable for continuation wages under Labor Code § 203; (7) whether Defendants are liable for unfair competition and business practices pursuant to Business and Professions Code §§ 17200 *et seq.*; (8) whether Plaintiff and/or members of the putative class are entitled to any award of damages and, if so the amount of any such damages; (9) whether Plaintiff and/or members of the putative class are entitled to any penalties and, if so, the amount of such penalties; and (10) whether Plaintiff and/or members of the putative class are entitled to an award of attorneys' fees.

/ /

**4.    Motions: All prior and pending motions, their current status, and any anticipated motions.**

*a.    Plaintiff*

No motions are pending. Plaintiff intends to file a motion for class certification upon completion of discovery related to class certification. If necessary, Plaintiff anticipates filing motions of summary judgment. The parties set out their respective deadlines for filing dispositive motions in Section 17 below.

*b.    Defendants*

Defendants intend to oppose any motion for class certification brought by Plaintiff and/or may file a motion for decertification. Defendants reserve their right to file a motion for summary judgment and/or partial summary judgment, if warranted by the evidence disclosed during discovery. Defendants may also file discovery motions, if warranted. Defendants may file motions in limine.

**5.    Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.**

*a.    Plaintiff*

Plaintiff has no present intention of amending any pleadings.

*b.    Defendants*

Plaintiff has already amended his complaint once.

**6.    Evidence Preservation: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.**

*a.    Plaintiff*

Plaintiff's counsel confirm that they have taken the required steps to help ensure the

preservation of potentially discoverable materials.

The parties reviewed the ESI Guidelines and discussed preservation of ESI. Each party requested that the other preserve relevant information for the Plaintiff and putative class members to continue to meet and confer regarding the proportionate scope of any additional ESI. If any issues arise regarding the accessibility of data, the parties will meet and confer to resolve them promptly. The parties agree that such documents will be produced in their electronic or native form whenever possible, on compact discs, and hard copy (paper).

### b. *Defendants*

The parties have reviewed the ESI Guidelines and have met and conferred concerning this topic and taken all necessary steps to preserve evidence related to the issues reasonably evident in the action.

**7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.**

Pursuant to Rule 26(a)(1)(A-D), the parties agree to serve their initial written disclosures on or before September 30, 2016. The parties agree that no changes should be made in the form and requirements for disclosures under Rule 26(a). The parties also agree that no further discovery conferences are required.

Pursuant to Rule 26(A)(2), the parties agree that expert disclosures should be conducted in accordance with the Federal Rules of Civil Procedure.

Pursuant to Rule 26(A)(3), the parties agree that pretrial disclosures should be conducted in accordance with the Federal Rules of Civil Procedure.

**8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.**

5

### *Joint Statement*

Counsel for the parties held the Rule 26(f) conference on September 6, 2016 and counsel discussed engaging in early mediation in an effort to resolve this dispute before either side expends additional time or resources in litigation. To that end, the parties have agreed to a stay on formal discovery and to instead proceed with informal discovery whereby the parties will produce certain information for the purposes of mediation including, but not necessarily limited to, relevant wage and hour policies, data regarding the putative class, timekeeping and payroll data. If any issues arise concerning the informal production of information, the parties will seek to resolve them in good faith.

In the event mediation is not successful, the parties' respective positions regarding formal discovery follow:

### *a.   Plaintiff*

No discovery has been taken to date.

The parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California, subject to modification by agreement of the parties or by Court order, as necessary under the circumstances.

Discovery will be necessary on the following subject areas: (1) the claims asserted in Plaintiff's complaint, (2) the extent of Plaintiff's and putative class members' alleged unpaid wages, unpaid overtime, off-the-clock work, unreimbursed expenses, interest, restitution, and penalties, and (3) Defendants' defenses to Plaintiff's claims. The parties set out their respective pre-trial deadlines in Section 17.

Plaintiff needs class contact information from Defendants' records. Plaintiff recommends that the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561) to precede the Defendants' delivery of this information to Plaintiff's counsel. Plaintiff has presented Defendants with a proposed order to govern this process. If the parties agree on the notice process, the parties will equally bear the costs.

1  Plaintiff has also presented Defendants with a proposed Stipulation and Protective Order for Standard Litigation and a proposed Stipulation Order Re: Discovery of Electronically Stored Information based on the Court's models for Defendants' consideration.

Plaintiff also intends to propound discovery seeking (1) all policies and procedures applicable to him and the proposed class pertaining to the alleged wage and hour violations, (2) the size of the proposed class, (3) the names, addresses and phone numbers of the proposed class, (4) the payroll, time and attendance, and personnel records pertaining to Plaintiff, including agreements between the parties, and (5) any and all employment applications and related disclosures and acknowledgments. Plaintiff intends to seek such information by means of depositions, special and form interrogatories, requests for production of documents, and requests for admission.

At this time, the parties propose that they will resolve the need for stipulations among themselves.

No changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Rules of the United States District Court for the Northern District of California. Both parties agree that service via email is acceptable provided that concurrent service by regular U.S. mail occurs.

### b. *Defendants*

Give the broad scope of Plaintiff's class definition, Defendants request that discovery be conducted in phases, with initial discovery to be limited to class certification issues with a subsequent phase of discovery on the merits of Plaintiff's claims to be conducted only after a ruling is issued on Plaintiff's motion for class certification. Defendants believe that conducting discovery in phases is appropriate because even if there may be some overlap between class certification and merits discovery, it would be an inefficient use of resources to conduct wide-ranging discovery on the merits of Plaintiff's claims before the Court has ruled on class certification.

/ /

/ /

**9.     Class Actions: If a class action, a proposal for how and when the class will be certified.**

*a.     Plaintiff*

Plaintiff intends to file a motion for class certification on or about November 3, 2017, after his completion of discovery related to class certification as mentioned above. The parties set out their respective deadlines for Plaintiff to file his motion for class certification in Section 17 below.

*b.     Defendants*

Defendants contend that Plaintiff's proposed class is not appropriate for certification. Defendants contend there are not questions of law and fact common to the class, the claims of the representative plaintiff is not typical of the claims of the proposed class, and the representative will not fairly and adequately protect the interests of the proposed class. Questions affecting only individual putative class members predominate over any questions of law or fact, if any, common to the putative class and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy. Defendants believe discovery will show that there is not a similarly situated class of putative class members who can be properly certified as a class.

**10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.**

On May 5, 2016, Plaintiff filed a Notice of Related Case in the Alameda County Superior Court regarding the matter of *Levin v. Mydatt Services, Inc., et al.*, Case No. RG16812703 filed on April 21, 2016. The *Levin* matter involves the same parties and is based on the same or similar claims and events as *Rogers*. On July 7, 2016, Defendant Mydatt Services, Inc. filed an administration motion with this Court to relate the cases. On July 20, 2016, this Court related the *Rogers* and *Levin* matters.

**11.     Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the**

8

bases on which it contends damages should be calculated if liability is established.

### a. *Plaintiff*

Plaintiff, on behalf of himself and the putative class members, prays for relief for unpaid wages, declaratory relief, injunctive and equitable relief, actual damages, statutory penalties, civil penalties, liquidated damages, restitution, pre-judgment and post-judgment interest, costs of suit, reasonable attorney's fees, and such other relief as the Court deems just and proper.

### b. *Defendants*

Defendants deny that Plaintiff and/or any of the putative class members have suffered any compensable damages. As a former employee, Plaintiff does not have standing to seek injunctive relief. Defendants do not independently seek any damages.

**12.** **Settlement and ADR:** **Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.**

On September 7, 2016, the parties filed a Stipulation and [Proposed] Order Selecting ADR Process (Dkt. No. 21), selecting Private ADR, and requesting a deadline 120 days from the date of the order referring the case to ADR.

The parties are currently working toward the selection of a mutually agreeable private mediator. The parties are hopeful that a meaningful mediation will occur within the next 120 days.

**13.** **Consent to Magistrate Judge For All Purposes:** **Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ___ Yes _X__ No**

On June 28, 2016, Defendants filed a Declaration to Magistrate Judge Jurisdiction. Plaintiff agrees and does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

/ /

9

**14.    Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.**

The parties are not currently aware of any issues that can be narrowed by agreement or by motion.

**16.    Expedited Trial Procedure: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.**

Any case schedule must be set with the understanding that case schedule may need to be adjusted accordingly given that the parties are focusing their efforts toward a private mediation within the next 120 days. Should the mediation prove to be unsuccessful the parties will immediately thereafter focus their efforts on formal discovery and certification, and propose the following schedule:

| **Matter** | **Proposed Deadlines** |
|---|---|
| Case Management Conference | September 23, 2016 at 8:30 a.m. |
| Initial Disclosures | September 30, 2016 |

10

| | |
|---|---|
| Deadline to Amend Pleadings and Add Parties | October 12, 2016 |
| Plaintiff's Deadline to File Class Certification Motion | November 3, 2017 |
| Defendants' Deadline to File Opposition to Class Certification Motion | December 29, 2017 |
| Plaintiff's Deadline to File Reply to Class Certification Motion | January 26, 2018 |
| Hearing on Class Certification | February 9, 2018 |
| Discovery cut-off | April 25, 2018 |
| Deadline for Filing Dispositive Motions | May 25, 2018 |
| Last Day to Hear Dispositive Motions | June 29, 2018 at 9:00 a.m. |
| Expert Disclosures | June 19, 2018 |
| Rebuttal Expert Disclosures | July 19, 2018 |
| Last Day to Meet and Confer Before Final Pretrial Conference | June 27, 2018 |
| Deadline to File Motions *In Limine* | July 6, 2018 |
| Deadline to File Oppositions to Motions *In Limine* | July 23, 2018 |

11

| | |
|---|---|
| Deadline to File Joint Final Pretrial Order, Jury Instructions, Proposed *Voir Dire*, Trial Brief, Statement of the Case, Objections to Exhibits, Proposed Special Verdict Forms, Excerpts of Deposition Designations, Excerpts to Interrogatories, and Requests For Admission | July 23, 2018 |
| Final Pre-trial Conference | August 6, 2018 at 2:00 p.m. |
| Jury Selection | September 12, 2018 at 8:00 a.m. |
| Trial Date | September 17, 2018 at 8:00 a.m. |

**18.     Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.**

*a.     Plaintiff*

Plaintiff filed his Demand for Jury Trial on June 28, 2016 (Docket No. 10). Plaintiff expects the trial of this case as a class action can be expected to take four weeks.

*b.     Defendants*

Defendants do not contest Plaintiff's right to trial by jury but do not independently request trial by jury. Defendants cannot estimate the length of trial of this matter at this time.

**19.     Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement**

12

**the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.**

### a. *Plaintiff*

Plaintiff filed his Certification of Interested Entities or Persons on June 28, 2016 (Docket No. 11) which included himself, Defendants, Block by Block (the Fictitious business name of Defendant Mydatt Services, Inc.), and Nikolay Levin (Plaintiff in related matter, 16-cv-03423-JCS).

### b. *Defendants*

Defendants filed their Certification of Interested Entities or Persons (Dkt. No. 3) on June 17, 2016, listing: (1) Mydatt Services, Inc., dba Block by Block ("Mydatt") (subsidiary of defendant SMS Holdings Corporation); (2) SMS Holdings Corporation (parent company of defendant Mydatt); and (3) Nikolay Levin, plaintiff.

**20.   Professional Conduct: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

### a. *Plaintiff*

In Defendant Mydatt Services, Inc.'s notice of removal, it contends that it has employed approximately 899 individuals as non-exempt employees in California during the relevant time period and these individuals are potential members of the putative class Plaintiff intends to represent. Pursuant to Civil L.R. 16-9(a), Plaintiff contends that this action is maintainable as a class action pursuant to Fed. R. Civ. P. 23 because (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact

13

common to the class, (3) Plaintiff's claims are typical of the claims of the class, and (4) Plaintiff will fairly and adequately protect the interests of the class. Plaintiff intends to file a motion for class certification upon completion of discovery related to class certification as mentioned above. The parties set out their respective deadlines for Plaintiff to file his motion for class certification in Section 17 above.

### *Defendants*

To the extent that any proprietary, confidential, or trade secret information must be disclosed during discovery, Defendants believe that a protective order may be needed to maintain the confidentiality of such documents or information. Plaintiff has presented Defendants with a draft Stipulated Protective Order based on the Court's model for Standard Litigation.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: September 13, 2016       By     /s/ David Spivak
                                       DAVID SPIVAK, Attorney for Plaintiff,
                                       DAMON ROGERS, and all others similarly
                                       situated

                                OGLETREE, DEAKINS, NASH, SMOAK &
                                STEWART, P.C.

Dated: September 13, 2016       By     /s/Carolyn B. Hall
                                       GREGORY C. CHENG
                                       CAROLYN B. HALL
                                       SUSAN T. YE
                                       Attorneys for Defendants, MYDATT
                                       SERVICES, INC. and SMS HOLDINGS
                                       CORPORATION

# [PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

**IT IS SO ORDERED.**

DATED: _____          _____
                                      HON. JEFFREY S. WHITE,
                                      UNITED STATES DISTRICT JUDGE

26146417.1